UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Eliakim Etienne,<br>Individually, and on behalf of all others similarly situated,<br><br>                                        Plaintiff,<br>        -v-<br><br>PRC Industries, Inc.,<br><br>                                        Defendant. | Civ. Action #:<br><br>**<u>Complaint</u>**<br>**(Collective and Class Action)**<br><br><br>**Jury Trial Demanded** |

Plaintiff Eliakim Etienne, ("Plaintiff" or "Etienne"), on behalf of himself, and all others similarly situated, by Abdul Hassan Law Group, PLLC, his attorneys, complaining of the Defendant PRC Industries, Inc. ("Defendant"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of himself, and other similarly situated current and former hourly employees, including security guards, who worked for the Defendant, and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he and they are: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times their regular rate for each and all such hours over forty in a week; (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff on behalf of himself and a class of other similarly situated current and former hourly employees, including security guards, who worked for the Defendant, pursuant to the Fed. R. Civ. Proc. 23, that he and they are: (i) entitled to unpaid overtime wages from Defendant, for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times their regular rate for each and all such hours over forty in a week, (ii) entitled to maximum liquidated damages and attorneys fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., including NYLL § 663, and the regulations thereunder as well as NYLL 190-198 and the regulations thereunder.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 USC 216(b).

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202.

## THE PARTIES

6. Plaintiff Eliakim Etienne ("Plaintiff" or "Etienne") is an adult, over eighteen years old, who currently resides in Nassau County in the State of New York.

7. Upon information and belief and at all times relevant herein, Defendant PRC Industries, Inc. was a for-profit corporation, duly authorized to do business in the State of New York with its New York Corporate Office located at 500 Middle Country Road, # 100, St. James, NY 11780, where Plaintiff was employed.

8. "Plaintiff" as used in this complaint refers to the named Plaintiff, except, that as to the class and collective action allegations under New York Labor Law and the FLSA respectively, "Plaintiff" refers to the named Plaintiff as well as those similarly situated as putative class members as further defined below.

9. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## STATEMENT OF FACTS

10. Upon information and belief, and at all relevant times herein, Defendant, was in the business of remanufacturing, reprocessing, repairing and recycling of consumer products and operated throughout the United States and Canada. See http://prcind.com

11. Upon information and belief and at all relevant times herein, Defendant employed hundreds of employees.

12. Plaintiff was employed by Defendant from in or around September 2014 to on or about February 12, 2015.

13. At all times relevant herein, Plaintiff was employed by Defendant as a security guard.

14. At all times relevant herein, Plaintiff was paid at a rate of $10 an hour, during his employment with Defendant.

15. At all times relevant herein, Defendant paid Plaintiff his straight regular rate for overtime hours worked (more than forty hours a week) – instead of the premium overtime rate of at least 1.5 times his regular rate. For example, the first paystub in Exhibit # 1 attached hereto, shows Plaintiff worked 56 hours for the weekly pay period ending December 27, 2014 and Plaintiff was paid at his straight regular rate for each and all of these 56 hours. Likewise, the second paystub in Exhibit #1 attached hereto, shows Plaintiff worked 48 hours for the weekly pay period ending January 24, 2015 and Plaintiff was paid at his straight regular rate for each and all of these 48 hours.

16. Plaintiff worked approximately 48-60 hours a week during his employment with Defendant and likely more – numbers that will be refined when Defendant produces wages and time records it was required to keep under the FLSA and NYLL.

17. A more precise statement of the hours and wages will be made when Plaintiff Etienne obtains the wage and time records Defendant was required to keep under the FLSA and NYLL. Accurate copies of Plaintiff's wage and time records that Defendant was required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6 are incorporated herein by reference.

18. At all times relevant herein, Defendant paid Plaintiff and the putative class members, their straight regular rate for overtime hours worked (more than forty hours a week).

19. Plaintiff incorporates herein, <u>accurate</u> records of his time, wages and employment that Defendant was required to keep pursuant to the FLSA and NYLL.

20. Upon information and belief, and at all times relevant herein, Defendant had revenues and/or transacted business in an amount exceeding $500,000 annually.

21. Upon information and belief and at all times relevant herein, Defendant purchased supplies that travelled through interstate commerce.

22. At all times applicable herein, Defendant conducted business with vendors and other businesses outside the State of New York.

23. Defendant as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

24. At all times applicable herein and upon information and belief, Defendant utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, the internet and telephone systems.

25. All times applicable or relevant herein as to the FLSA overtime claim refers to <u>at least</u> the two-year and three-year period preceding the filing of this complaint but this period may be longer.

26. All times applicable or relevant herein as to the NYLL overtime claim refers to <u>at least</u> the six-year period preceding the filing of this complaint but this period may be longer.

27. Upon information and belief and at all times applicable herein, Defendant did not display the required FLSA and NYLL posters of employee wage rights as was required by the FSLA and NYLL and the regulations thereunder.

28. The relevant and applicable times will be refined as is necessary, including after discovery if necessary.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime)

29. Plaintiff alleges on behalf of himself and all others similarly situated who opt into this action pursuant to 29 U.S.C. § 216(b), and incorporates by reference the allegations in paragraphs 1 through 28 above as if set forth fully and at length herein.

30. The named Plaintiff has consented to be part of this action by the filing of this action on his behalf and with his consent.

31. The FLSA cause of action is brought as a collective action on behalf of the named Plaintiff and all others who are/were similarly situated and who file consents to opt-in to the action.

32. The class of similarly situated individuals as to the FLSA cause of action is defined as current and former hourly employees of Defendant, who: 1) worked more than forty hours in a week, within at least the three-year period, preceding the filing of this complaint; and 2) were not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week as explained above.

33. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are hundreds of members of the class during the class period.

34. The class definition will be refined as is necessary, including after discovery if necessary.

35. At all times relevant to this action, Plaintiff and all those similarly-situated, were employed by Defendant within the meaning of the FLSA – 29 U.S.C 201 et Seq.

36. Upon information and belief, and at all times relevant to this action, Plaintiff and all those similarly-situated, were engaged in commerce and/or in the production of goods for

commerce and/or Defendant constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. §§ 207(a).

37. Upon information and belief and at all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

38. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff, and all those similarly-situated as class members, overtime compensation at rates not less than 1.5 times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

### Relief Demanded

39. Due to Defendant's FLSA overtime violations, Plaintiff and all those similarly-situated, are entitled to recover from Defendant, their unpaid overtime wages, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

### AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq. (Unpaid Overtime)

40. Plaintiff alleges on behalf of himself and all others similarly situated as class members, and incorporates by reference the allegations in paragraphs 1 through 38 above as if set forth fully and at length herein.

### CLASS ALLEGATIONS

41. Plaintiff sues on his own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

42. The class of similarly situated individuals as to the overtime cause of action under the NYLL is defined as current and former hourly employees of Defendant, including security guards, and who: 1) were employed by Defendant within the State of New York; 2) worked more than forty hours in a week, within at least the six-year period, preceding the filing of this complaint; 3) not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week as also explained above.

43. The class definition will be refined as is necessary, including after discovery if necessary.

44. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are hundreds of members of the class during the class period.

45. Upon information and belief the putative class is so numerous that joinder of all members is impracticable.

46. Upon information and belief, there are questions of law or fact common to the class – whether the putative class was paid at least 1.5 times the applicable regular rate for each and all hours in excess of forty in a week.

47. Upon information and belief, the claims of the representative party are typical of the claims of the class.

48. The representative party will fairly and adequately protect the interests of the class.

49. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

50. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

    (a) Whether, Defendant failed and/or refused to pay the Plaintiff and the putative class members at a rate of at least one and one half (1 ½) times their regular hourly rate for each and all hours worked in excess of forty each week within the meaning of New York Minimum Wage Act and the regulations thereunder – 12 NYCRR § 142-2.2, 2.4.

51. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual

Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against Defendant and in light of the large number of putative class members.

52. At all times relevant to this action, Plaintiff and all those similarly situated as class members, were employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

53. At all times relevant herein, Defendant failed to pay and willfully failed to pay Plaintiff and all those similarly situated as class members, overtime compensation at rates not less than 1.5 times their regular rate of pay for all hours worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

## Relief Demanded

54. Due to Defendant's NYLL overtime violations, plaintiff, and all those similarly-situated, are entitled to recover from Defendant, their unpaid overtime wages, maximum liquidated damages, prejudgment interest, attorneys' fees, and costs of the action, pursuant to NYLL § 663(1).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

55. Declare Defendant (including its overtime and wage payment policy and practice), to be in violation of the rights of Plaintiff and putative class members under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act, and the Regulations thereunder; and enjoin Defendant from continuing such violations.

56. As to the **First Cause of Action**, award Plaintiff and the similarly-situated class members, their unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

57. As to the **Second Cause of Action,** award Plaintiff and the similarly-situated class members, their unpaid overtime compensation due under the New York Minimum Wage Act and the

regulations thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorneys' fees pursuant to NYLL § 663;

58. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

59. Award Plaintiff such other, further and different relief as the Court deems just and proper.

Dated: Queens Village, NY
April 10, 2015

Respectfully submitted,

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com

# Exhibit 1

| CO. | FILE | DEPT. | CLOCK NUMBER | 040 |
|---|---|---|---|---|
| 1UQ | 184062 | 199900 | 0047956497 | 1 |

PRC INDUSTRIES, INC.
PAYROLL ACCOUNT
500 MIDDLE COUNTRY ROAD
SAINT JAMES, NY 11780

## Earnings Statement 

Period Beginning: 12/21/2014
Period Ending: 12/27/2014
Pay Date: 01/02/2015

Taxable Marital Status: Single
Exemptions/Allowances:
 Federal: 1
 NY: 1

ELIAKIM ETIENNE
995 PARK AVE
WESTBURY NY 11590

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 10.0000 | 56.00 | 560.00 | 560.00 |
| Gross Pay | | | $560.00 | 560.00 |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -56.96 | 56.96 |
| | Social Security Tax | -34.72 | 34.72 |
| | Medicare Tax | -8.12 | 8.12 |
| | NY State Income Tax | -19.37 | 19.37 |
| | NY SUI/SDI Tax | -0.60 | 0.60 |
| Net Pay | | $440.23 | |
| Net Check | | $440.23 | |

Your federal taxable wages this period are $560.00

© 1998, 2006. ADP, LLC All Rights Reserved.

| CO. | FILE | DEPT. | CLOCK | NUMBER | 040 |
|---|---|---|---|---|---|
| 1UQ | 184062 | 199900 | | 0048004418 | 1 |

PRC INDUSTRIES, INC.
PAYROLL ACCOUNT
500 MIDDLE COUNTRY ROAD
SAINT JAMES, NY 11780

Taxable Marital Status:  Single
Exemptions/Allowances:
  Federal:   1
  NY:        1

**Earnings Statement**  ADP

Period Beginning:   01/18/2015
Period Ending:      01/24/2015
Pay Date:           01/30/2015

ELIAKIM ETIENNE
995 PARK AVE
WESTBURY NY 11590

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 10.0000 | 48.00 | 480.00 | 2,640.00 |
| Gross Pay | | | $480.00 | 2,640.00 |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -44.96 | 260.80 |
| | Social Security Tax | -29.76 | 163.68 |
| | Medicare Tax | -6.96 | 38.28 |
| | NY State Income Tax | -14.65 | 87.96 |
| | NY SUI/SDI Tax | -0.60 | 3.00 |

Net Pay     $383.07

Net Check   $383.07

Your federal taxable wages this period are $480.00

© 1998, 2006 ADP, LLC. All Rights Reserved