# SETTLEMENT AGREEMENT AND RELEASE

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
DEC 02 2016 ★
LONG ISLAND OFFICE

PRC Industries, Inc., ("PRC"), and Eliakim Etienne, ("Etienne") desire to avoid the costs, risks, and delays associated with litigation and to put to rest any and all possible disputes between the parties and therefore agree as follows:

1. **Definition of Parties.**

   a. "Plaintiff" shall be defined to include, but is not limited to, Eliakim Etienne, and all affiliated persons or entities, including, but not limited to, his present or former domestic partner, spouse, dependents, heirs, assigns, successors, creditors, debtors, counsel and any otherwise affiliated or related persons and entities. If an obligation or right is that of Mr. Etienne personally, he will be referred to as "Mr. Etienne."

   b. Plaintiff Eliakim Etienne was employed by Defendant PRC Industries, Inc., for about six months ending February 2015.

   c. "Defendant" shall be defined as PRC Industries, Inc., and all affiliated persons or entities including, but not limited to, any present or former parent corporations, subsidiaries, divisions, affiliated entities, employee benefit plans, purchasers of assets or stock, investors, insurers, joint ventures, shareholders, successors, assigns, counsel, administrators, heirs, creditors, debtors, executors, officers, partners, directors, agents, fiduciaries, representatives, the employees and representatives of any such entity, and any otherwise related persons or entities.

   d. "Action" or "Lawsuit" refers to the lawsuit filed by Plaintiff against Defendant on April 10, 2015, in the United States District Court, Eastern District of New York, with Civil Action #: 15-CV-2029 (ADS)(ARL).

2. **Consideration.** In consideration for Mr. Etienne's signing this Agreement and the releases of all claims herein, Defendant PRC Industries, Inc., agrees to make the following payments:

   a. A payment to "Elaikim Etienne" in the amount of Four Hundred and Fifty Dollars ($450), within ten (10) days of the Court's approval of this settlement agreement;

   b. A payment to "Elaikim Etienne" in the amount of ~~Five Hundred and Fifty Dollars ($550)~~ $2,550.00, representing liquidated and other damages, within ten (10) days of the Court's approval of this settlement agreement; *[initialed ADS, USDJ]*

   c. A check made payable to "Abdul Hassan Law Group, PLLC," in the amount of ~~Nine Thousand Four Hundred and Sixty Dollars ($9,460)~~ $7,460.00, representing reduced legal fees, and costs, within (10) days of the Court's approval of this settlement agreement; *[initialed ADS, USDJ]*

1 E.E

d.  The payments above shall be sent by overnight delivery to the office of Plaintiff's counsel Abdul K. Hassan, Esq., located at 215-28 Hillside Avenue, Queens Village, NY 11427. Plaintiff's Counsel shall hold the settlement payments until the seven-day revocation period has expired. Plaintiff has agreed to waive the 21-day review period.

e.  Defendant knowingly and voluntarily releases and forever discharges Plaintiff of and from any and all claims, whether known and/or unknown, it has or may have against Plaintiff as of the date of execution of this Agreement,

3. **No Consideration Absent Execution of This Agreement.** Plaintiff understands and agrees he would not receive the monies and/or benefits specified in Paragraph 2 above, except for his execution of this Agreement and the discontinuance of the Action with prejudice.



4. **Release of Claims by Plaintiff.** In return for the payments identified in paragraph 2, Plaintiff knowingly and voluntarily releases and forever discharges Defendant of and from any and all claims asserted in this action ~~and related claim~~, consistent with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), as of the date of execution of this Agreement.

5. **Acknowledgments and Affirmations.**

a.  Plaintiff affirms that in the Action he has asserted a claim in seeking unpaid wage or overtime pay under the Fair Labor Standards Act, the New York State Labor Law, and/or any other law, regulation or basis and affirms that there is a bona fide dispute as to such FLSA claims which are being settled and released by this Agreement.

b.  No Further Claims. Plaintiff and Defendant acknowledge that they have no further claims, damages, losses against each other and that any and all claims that they may have had against each other are resolved by this Settlement Agreement.

6. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions. In the event the Plaintiff or Defendants breaches any provision of this Agreement, Plaintiff and Defendants affirm that either may institute an action to specifically enforce any term or terms of this Agreement. If any provision of this Agreement is declared illegal or unenforceable by any court of competent jurisdiction, the parties agree the court shall have the authority to modify, alter or change the provision(s) in question to make the Agreement legal and enforceable. If this Agreement cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. If the general release language

2

is found to be illegal or unenforceable, Plaintiff and Defendants agree to execute a binding replacement release(s).

7. **Amendment.** Except as provided in Paragraph 6 above, this Agreement may not be modified, altered or changed without the express written consent of both parties wherein specific reference is made to this Agreement.

8. **Resolution of Disputes.** The parties agree that the Court in this action shall retain jurisdiction to resolve any disputes arising out of this Settlement Agreement and the settlement of this action.

9. **Non-admission of Wrongdoing.** The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct of any kind.

10. **Entire Agreement.** This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. Plaintiff acknowledges he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement, and Plaintiff's consent to this Agreement is given freely, voluntarily, and with full knowledge and understanding of this Agreements contents.

11. **Section Headings.** Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

12. **Legal Fees.** Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

13. **Joint Participation in Preparation of Agreement.** The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

14. **Competency to Waive Claims.** At the time of considering or executing this Agreement, Mr. Etienne was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Mr. Etienne is competent to execute this Agreement and knowingly and voluntarily waives any and all claims he may have against Defendant.

**PLAINIFF HAS BEEN ADVISED THAT HE HAS TWENTY-ONE (21) CALENDAR DAYS TO REVIEW THIS AGREEMENT, HAS BEEN ADVISED IN**

3

**WRITING TO CONSULT WITH AN ATTORNEY BEFORE SIGNING IT AND HAS CONSULTED WITH HIS COUNSEL, ABDUL KARIM HASSAN, ESQ. REGARDING THE AGREEMENT.**

**PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.**

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST DEFENDANT.**

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and General Release as of the date set forth below:

4

| PLAINTIFF: | DEFENDANT: |
|---|---|
| **ELAIKIM ETIENNE** | **PRC INDUSTRIES, INC.** |
| By: *[signature]* | By: *[signature]* |
| Date: 06/29/16 | Print Name: Kevin O'Boyle |
| | Title: EVP/CFO |
| | Date: 6/17/2016 |

Case closed.

**SO ORDERED**

s/ Arthur D. Spatt

**ARTHUR D. SPATT, U.S. District Judge**

DATED: 12/1/16

5